[Osborne v. The State.]

# Osborne *v.* The State.

## *Indictment for Murder.*

1. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, where it is shown that the deceased was killed while in the defendant's house, and that a short time before the killing somebody had made an assault upon the defendant, in her house, it is not competent to ask the defendant if "a short time prior to the killing had there not been attempts to break into your house at night?" such question calling for a conclusion of the witness.

2. *Same; charge as to carnal assault upon defendant.*—On the trial of a woman under indictment for murder, where the evidence affords an inference on the part of the jury that the deceased, at night, broke into and entered the house of the defendant, and there assaulted her with intent to have carnal knowledge of her against her will, and after retreating on account of an outcry being made, he soon returned, and while re-entering the house he was killed by the defendant, a charge should be given at the request of the defendant which instructs the jury that "If at the time the fatal shot was fired defendant was in her house, and the deceased was attempting to enter her house against her objection for the purpose of forcibly having sexual intercourse with her, and against her will, and defendant fired the fatal shot to prevent this, you should acquit the defendant.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case, Kittie Osborne, was jointly indicted with Nelson Myrick for the murder of Neil Porter, was convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for eight years.

Upon being arraigned, the appellant moved for a severance. This motion was granted, and she was tried separately and apart from her co-defendant.

It was shown by the evidence that the defendant killed the deceased, Neil Porter, by shooting him with a shot

gun, and that at the time of the killing the deceased was in the defendant's house. The State introduced in evidence confessions made by the defendant which showed the circumstances of the killing and which were the same, substantially, as those testified to by her. Upon being introduced as a witness in her own behalf, the defendant testified that on the night of the killing, after she had locked up her house and the door leading into her room, and had gone to bed and was asleep, she was awakened and found that the door to her room had been opened and that a man was choking her; that he also struck her on the head with a stick; that upon her trying to scream, the man told her that if she screamed he would kill her. During the struggle which ensued, her little boy woke up and began to scream and the man ran out; that some time after this assault had been made upon her, she heard some one coming towards her house; that she got a gun, and as she did so, a man walked into the hall of the house, and that as he proceeded along the hall she shot him, with a shot gun, from the effects of which wound he died. In the course of her examination this witness was asked the question which is copied in the opinion. The solicitor objected to this question, upon the ground that it was too indefinite and called for illegal and incompetent evidence. The court sustained the objection, and the defendant duly excepted. This witness was then asked each of the following questions: "A short time prior to the killing had not an attempt been made to break into your house at night, and did you or not get your brother's gun to defend yourself against these attacks?" "State whether or not a short while previous to the night of the killing attempts had been made to break into your house at night, and state whether or not you spoke to Mr. Izzy Varner and Mr. Reid Garrett about it, and on their advice, got the gun to defend yourself?" To each of these questions the solicitor of the State objected upon the same grounds interposed to the former question, the court sustained the objections, and the defendant separately excepted.

During the examination of Reid Garrett, as a witness for the State, he was asked the following question: "If

the defendant previous to the night of the killing, and a short time prior thereto, had not made complaints to him about some one trying to break into her house?"

The State objected to this question upon the same ground, the court sustained the objection, and the defendant excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If you believe the evidence, you should find the defendant not guilty." (9.) "If the deceased, at the time of the killing, was attempting to break into defendant's house against the objection of defendant, and the defendant fired the fatal shot to prevent deceased from breaking into her house, the defendant would not be guilty." (11.) "An attempt on the part of deceased to have sexual intercourse with defendant forcibly, and against her will, would be a felony." (13.) "If at the time the fatal shot was fired defendant was in her house, and the deceased was attempting to enter her house against her objection for the purpose of forcibly having sexual intercourse with her and against her will, and the defendant fired the fatal shot to prevent this, you should acquit the defendant."

POWELL & HAMILTON, for appellant, cited *Mattison v. State,* 55 Ala. 232; *Whitaker v. State,* 106 Ala. 32; *Curtis v. State,* 118 Ala. 125; 1 Wharton on Evidence, § 20.

MASSEY WILSON, Attorney-General, for the State, cited *Goodlet v. State,* 136 Ala. 39; *Holmes v. State,* 136 Ala. 80; *Ragsdale v. State,* 134 Ala. 24; *Ferguson v. State,* 134 Ala. 63; *Smith v. State,* 130 Ala. 95; *Williams v. State,* 130 Ala. 107.

McCLELLAN, C. J.—It will suffice to say in support of the court's action in sustaining the objection to the question: "A short time prior to the killing had there not been attempts made to break into your house at night?" propounded to the defendant, that the question

called for a conclusion of the witness. She should have been called on in the first instance to state the occurrences supposed to constitute the attempts to break into her house, assuming without deciding that the matter was pertinent. The other questions in this connection were open to the same objection, as well as to others which will not be discussed.

Of the charges refused to the defendant all but that numbered 13 were properly refused.

The 13th charge should have been given. The evidence afforded bases for inference on the part of the jury that the deceased at night broke into and entered the house of defendant, there assaulted her with intent to have carnal knowledge of her against her will, desisted upon an outcry being made and ran out of the house, but soon returned, and while re-entering the house, i. e., being in the hallway and going again towards defendant's room, she, reasonably believing it necessary to save herself from a renewal of his felonious assault, shot and killed him. The charge was, therefore, not abstract. And undoubtedly, if the facts were in line with the inferences stated, she had a right to kill the intruder, and should be acquitted as declared in this instruction.

Reversed and remanded.