### Weathers v. Commonwealth.

(Decided January 14, 1915.)

### Appeal from Nelson Circuit Court.

Criminal Law—Instruction—Self Defense.—An instruction reading, "If you believe from the evidence that at the time he shot and killed Henry Lewis (if he did so) the defendant, Charles Weathers, believed and had reasonable grounds for believing that he was in immediate danger of death or great bodily injury at the hands of said Lewis, and that defendant used such force and no more as was reasonably necessary, or as seemed to him at the time, in the exercise of a reasonable discretion, to be necessary to avert such danger, he is excusable on the ground of self defense and you should find him not guilty," presented correctly the law of self defense.

NAT W. HALSTEAD, WALLACE BROWN and OSSO W. STANLEY for appellant.

JAMES GARNETT, Attorney General, for appellee.

Opinion of the Court by Judge Carroll—Affirming.

The appellant, under an indictment charging him with the murder of Henry Lewis, was found guilty and his punishment fixed at imprisonment for life.

The evidence for the Commonwealth shows that the appellant, without excuse or provocation, shot Lewis twice in the back, and after he had fallen to the ground from the effect of these wounds, and was in a dying condition or dead, to make sure of his work, he shot him in the head.

Appellant, in his own behalf, testified that he killed Lewis in self-defense.

Allen Price, a witness for the Commonwealth, testified that about half an hour after Lewis had been shot he went to the place where he was lying dead in the road and took out of his pocket a pistol, and, without looking to see whether it was loaded or not, gave it to Maria Lewis, the mother of the deceased.

Maria testified, over the objection of counsel for appellant, that she examined the pistol after it was given to her by Price, and that it was unloaded, all the chambers being empty. It does not appear when she examined the pistol, but there is not a particle of evidence in the record tending to show that any change was made in the condition of the pistol from the time Allen Price took it from the pocket of the deceased until it was examined by his mother. That her evidence was competent is not debatable.

The coroner of Nelson county, who was also a practicing physician, testified that, on the next day after Lewis was killed, he held an inquest on his body and found, aside from the wound in his head, two holes in his back and two holes in the front of his body, and gave it as his opinion that the bullets that made these holes entered his back and came out in front.

It is objected that the examination by Dr. Greenwell, the coroner, of the wounds on the deceased occurred too long after they were made to make competent his opinion as to the points of entrance and exit of the bullets that caused the holes in his body. The fact, however, that the doctor did not examine the body until several hours after death did not render incompetent his opinion upon this subject, as there was no evidence or inference that these wounds had been tampered with before his examination. He related at some length his

examination of the body and what he found as a result of it, and the correctness of his opinion and the weight to be attached to it was for the jury to consider.

It is further urged that the evidence of Ken Price, the only eyewitness to the murder, was so contradictory as not to be worthy of belief, but the weight of this evidence was, of course, a matter for the jury, nor do we agree with counsel for appellant that it was so conflicting as to be unworthy of belief.

On the subject of self-defense the court instructed the jury that "if you believe from the evidence that at the time he shot and killed Henry Lewis, if he did so, the defendant, Charles Weathers, believed and had reasonable grounds for believing that he was in immediate danger of death or great bodily injury at the hands of said Lewis, and that defendant used such force and no more as was reasonably necessary, or as seemed to him at the time, in the exercise of a reasonable discretion, to be necessary to avert such danger, he is excusable on the ground of self-defense and you should find him not guilty."

It has been settled in numerous opinions of this court that the defendant has the right to act in the exercise of a reasonable discretion on the appearance of things as they seem to him, and that the jury should be instructed to view the situation confronting the defendant from his point of view at the time, and not as it might appear to them from the evidence. Or, to state it in another way, whether the defendant may be excused on the ground of self-defense depends on whether he, at the time, in the exercise of a reasonable judgment, believed, and had reasonable grounds to believe, it was necessary to take the life of the deceased to avert the danger, real or, to him, apparent, and not what the jury might think was necessary to be done under the circumstances. If the jury, from the evidence, believe that the defendant believed, and had reasonable grounds to believe, that it was necessary to take the life of the deceased to save himself from death or great bodily injury, they should acquit him, although, looking at the matter from the cool and deliberate view-point of the jury box, they might think that they could have found some other means to avert the danger.

The instruction given, we think, presented fairly and correctly the law of self-defense under the evidence in

this case. By the instruction the jury were told that if the defendant believed, and had reasonable grounds for believing, that he was in danger of death or great bodily harm at the hands of Lewis, and that he used no more force than was reasonably necessary, or than seemed to him, at the time, in the exercise of a reasonable discretion, to be necessary to avert the danger, they should acquit him. Under this instruction the question as to the imminence of the danger Weathers was in was left to his judgment and so was the question of the amount of force necessary to avert it left to his discretion. The jury, upon reading this instruction, could not fail to understand that they were to determine the guilt or innocence of the defendant from a consideration of the conditions as they appeared to him at the time, and not as they might appear to them.

In Sizemore v. Commonwealth, 158 Ky., 492, relied on by counsel for appellant, the instruction condemned left it to the jury and not to the defendant to say whether the defendant was in danger at the time he killed North.

In Austin v. Com., 28 Ky. L. R., 1087, an instruction, in substance the same as the one given in this case by the court, was directed to be given.

Complaint is made of misconduct on the part of the Commonwealth's Attorney in the argument of the case. We have carefully read and considered the argument objected to and do not find in it any statement that would warrant a reversal.

Upon the whole case, it appears to us that the defendant had a fair trial and that the ends of justice, under the law, were no more than satisfied by the judgment appealed from, and it is affirmed.