## Howard v. Commonwealth.

(Decided March 23, 1923.)

### Appeal from Leslie Circuit Court.

1. Robbery—Defined.—"Robbery" consists of the felonious and forcible taking from the person of another of goods or money of any value by violence or putting him in fear.

2. Larceny—Robbery—Taking Without Force or Putting in Fear Held Theft, and not Robbery, Though Attempt to Retake Resisted. —Where deceased took whiskey from defendant's saddlebags without force or putting him in fear, and resisted defendant's efforts to retake it, the offense was not robbery, but theft.

3. Homicide—Instruction as to Killing in Resisting Robbery Properly Refused When Evidence Did Not Show Robbery.—Instruction to acquit if homicide was committed in resisting robbery was properly refused where the evidence did not show robbery, but theft.

4. Criminal Law—Duty to Instruct on all Law Applicable.—In criminal prosecutions it is the duty of the court to instruct the jury on all the law applicable to the case.

5. Homicide—Killing to Prevent Trespass or Misdemeanor Theft not Justifiable.—A homicide committed in the prevention of trespass to property or larceny, constituting only a misdemeanor, is not justifiable.

6. Homicide—Proof of Reputation of Deceased as Violent and Dangerous Properly Admitted.—On trial for homicide committed following a theft of property, the retaking of which by defendant was resisted by deceased, proof of deceased's reputation as being a violent and dangerous person was properly admitted.

7. Homicide—Proof of Specific Acts of Bad Conduct or General Reputation of Deceased as to Character Properly Excluded.—On trial for homicide evidence of specific acts of bad conduct on part of deceased, who was killed while resisting the retaking of property stolen by decedent, or of his general reputation as to character, was incompetent and properly excluded.

J. B. MINIARD and J. M. MUNCY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellant was charged in the Leslie circuit court with the murder of George Jones. He was tried and convicted of manslaughter, and his punishment fixed at confinement in the state penitentiary for ten years. On this appeal it is contended that the court erred: (a) In refusing to give an instruction justifying the homicide if it was committed in resisting or preventing the robbery of appellant; and (b) in the exclusion of evidence of specific acts of bad conduct on the part of deceased.

The instruction that was rejected directed the jury to acquit appellant if it believed from the evidence beyond a reasonable doubt that deceased was about to rob or did rob appellant of his property, and the homicide was committed in resisting the robbery. It is said that the facts in evidence authorize the giving of such an instruction. Those facts are, that immediately preceding the homicide appellant rode up to a store in the town of Hyden, and hitched his horse. He was carrying on the horse saddlebags containing whiskey. The deceased opened the saddlebags and took two jars of whiskey therefrom. After seeing the deceased take the whiskey, appellant protested, took hold of the cotton bag containing it, and he and deceased began a struggle for its possession. They fell from a porch, the deceased succeeded in retaining possession of the whiskey and started down the street, when appellant fired a shot that struck him in the side, resulting in his death.

Robbery consists of the felonious and forcible taking from the person of another of goods or money of any value by violence or putting him in fear. Commonwealth v. Prewitt, 82 Ky. 241; Blanton v. Commonwealth, 139 Ky. 411. It was held in Bibb v. Commonwealth, 33 Ky. Law Rep. 726, that where a woman stealthily put her

hand into a man's pocket and took out his money before he knew what she was doing, using no force and not putting him in fear, she was guilty of larceny and not robbery. And in Jones v. Commonwealth, 115 Ky. 592, it was decided that where the defendant by stealth got possession of the money of the prosecuting witness by taking it from his person, and before defendant had secured the money the witness discovered the taking and attempted to regain possession of it, and defendant by physical force prevented the witness from retaking it, and either retained it himself or fraudulently transferred it to another, it was not a taking by force or by putting the owner in fear, and consequently did not constitute robbery. This decision is directly applicable to the facts in the case at bar. The deceased did not take the whiskey from appellant by force, or by putting him in fear. He acquired the whiskey by taking it from the saddlebags of appellant, and, after he had acquired possession of it, appellant endeavored to retake it, but deceased retained the possession after a struggle. The offense was not robbery, but theft. Hence it was not error to refuse the instruction offered by appellant.

But in criminal prosecutions it is the duty of the court to instruct the jury on all the law applicable to the case. The question then is: Should the court have instructed the jury that appellant had the right to kill the deceased to prevent larceny or the trespass upon his property? We have held in Chapman v. Commonwealth, 12 Ky. Law Rep. 704, Utterback v. Commonwealth, 105 Ky. 723, Stacey v. Commonwealth, 189 Ky. 402, and a number of other cases, that the owner of property has no right to kill another to prevent a trespass upon the property. In each of the cases cited, however, there was a controversy between the parties as to the ownership of the property. But independent of that question, it has been uniformly held that the taking of human life cannot be justified on the ground that it was necessary to prevent the commission of theft. The crimes in prevention of which life may be taken are those that are committed by forcible means and violence, such as murder, robbery, burglary, rape, or arson. The commission of those crimes contains an element of potential danger to the person against whom they are committed, and the prevention of them by killing is therefore held to be excusable. The prevention of misdemeanors, simple thefts, or the taking of goods of small value, furnishes no war-

rant to one person for the killing of another. 13 R. C. L. 807-808. An interesting discussion of this subject is found in Gray v. Combs, 7 J. J. Marshall 478, where reference is made to the English rule which, as originally promulgated, did not justify the killing unless done to prevent the commission of a crime which in itself was capital. In this country the rule is less restricted, and the defense is available to him who commits the killing to prevent robbery, burglary, rape or arson. All of those offenses, as we have indicated, imply an element of danger to the person of him who does the killing. It is, however, well settled that justification cannot be based on the prevention of larceny or other misdemeanors. As the offense committed by the deceased was only a misdemeanor, it follows that an instruction justifying the killing on that ground was unwarranted.

The next contention of appellant is that the court erred in excluding from the consideration of the jury evidence to the effect that deceased had been convicted of and had served a sentence in the penitentiary for murder. The court permitted appellant to prove the reputation of the deceased as to being a violent and dangerous person, and that was proper under Trabune v. Commonwealth, 13 Ky. Law Rep. 343, and White v. Commonwealth, 125 Ky. 699. But evidence of specific acts of bad conduct on his part, or of his general reputation as to character, was not competent. Lucas v. Commonwealth, 141 Ky. 281; Childers v. Commonwealth, 161 Ky. 440. Hence the court did not err in refusing to permit appellant to show specific acts of bad conduct on the part of the deceased, or to prove that he had been convicted of robbery and had served a sentence in the penitentiary for that offense.

Perceiving no errors in the record prejudicial to appellant, the judgment is affirmed.