## Burchett v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Russell Circuit Court.

1. Intoxicating Liquors—Evidence of Unlawful Transportation Held Sufficient for Jury, and to Support Verdict.—Evidence of unlawful transportation of liquor held sufficient to carry case to jury and to support verdict of guilty.

2. Criminal Law—Verdict Not Disturbed Unless Flagrantly Against Evidence, or Without Evidence to Support.—Court of Appeals will not disturb verdict of guilty, provided it is not flagrantly against weight of evidence, or unless there is absence of evidence to support it.

BERTRAM & BERTRAM and W. J. CHUMBLEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Burchett insists that the evidence for the Commonwealth was insufficient to carry the case to the jury and support the verdict upon which the judgment of conviction is rested. Wherefore he prosecutes this appeal. Appellant and James Dunbar were brothers-in-law, living upon opposite sides of the river in the same neighborhood. Dunbar had a store and a warehouse. He telephoned to appellant Burchett and, according to one of the witnesses, told Burchett that he was sick and asked Burchett to bring him something which the witness understood to be liquor. About daylight Burchett rode up on horseback, carrying saddlebags. Two of the witnesses say the bags were full and bulging out. After some conversation with Dunbar, Burchett went to the warehouse nearby and Dunbar followed. Soon thereafter, one of the witnesses testified, she saw her father coming from the warehouse with something under his coat that looked like a fruit jar. He went to the store. Soon afterwards Dunbar became intoxicated and remained so throughout the day and until next morning. He had no liquor up to that time and no other person had been about the house that morning save appellant Burchett. Next morning Mrs. Dunbar and her daughter went to the store where Dunbar had been drinking to look for the

whiskey. They found a quart bottle with whiskey in it hidden in the stove pipe and a fruit jar containing whiskey concealed in the waste basket under the counter. The fruit jar resembled that which the witness testified she saw her father carrying from the warehouse immediately after Burchett arrived. There were some other circumstances inducing the belief that appellant Burchett carried the liquor to Dunbar in his saddle pockets. Appellant's reputation was shown to be that of a trafficker in liquors. He was charged with and convicted of transporting liquor.

Appellant for himself testified that he did not carry any whiskey to Dunbar and did not have any in his saddle pockets on that morning and that he did not furnish to Dunbar any whiskey. He called Dunbar, his brother-in-law, who testified very briefly and indefinitely that if appellant Burchett brought any whiskey there that morning he did not know it and did not get it. The jury heard all of this evidence and concluded that Burchett was guilty of transporting liquor. We are of opinion that there was sufficient evidence to carry the case to the jury and to support the verdict, although it is not what might be called a strong case. In such cases the jury must judge the facts, and we will not disturb the verdict provided it is not flagrantly against the weight of the evidence, or unless there is an absence of evidence to support it.

Judgment affirmed.