## Flynn v. Commonwealth.

(Decided September 30, 1924.)

## Appeal from Pulaski Circuit Court.

1. Homicide—Justifiable when Committed to Prevent Felony—"Justi fiable Homicide."—Homicide is justifiable when committed to prevent felony attempted by force or surprise, such as murder, burglary, robbery, arson, rape, sodomy, and the like.

2. Homicide—Right to Kill in Defending Against Robbery Does Not End as Soon as there is Change of Possession of Property.—Right to kill in defending against robbery does not end as soon as there is such change of possession of property as will render crime technically complete, but remains with owner as long as his property is in his immediate presence, and killing of robber will prevent it from being carried away.

3. Homicide—Robbery, Warranting Killing, Need Not be Taking of Property Directly from Person.—To constitute robbery, to prevent which killing may be justified, it is not necessary that taking of property shall be directly from one's person; it is sufficient if it is taken while in his possession and immediate presence.

4. Homicide—Court Erred in Refusing Instruction on Right to Kill to Prevent Robbery.—Court held to have erred, under the evidence, in refusing instruction on right of defendant to kill. deceased in order to prevent commission of robbery.

5. Criminal Law—Instruction Without Evidence to Support it Properly Refused.—Instruction offered by defendant was properly refused, where there was no evidence to support it.

B. J. BETHURUM for appellant.

FRANK E. DAUGHERTY, Attorney General, and C. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant shot and killed Clarence Denny and was indicted for murder and convicted of manslaughter. The principal ground upon which a reversal is sought is that the court erred in refusing an instruction on the right of appellant to kill the deceased in order to prevent the commission of a robbery.

At the time of the homicide appellant was conducting a hotel at Burnside. In the same building he also conducted a grocery and meat shop. He and Denny had been friends and acquaintances for several years, and it does not appear that they had had any prior difficulty. According to the evidence for the Commonwealth, Denny was in appellant's room shortly before the homicide, and

there was some talk about money. The parties were heard scuffling out in the hall and the scuffling lasted for some time. While Denny was leaving the premises through a gate which led into an alley, or just after he had passed through the gate, he was shot by appellant. Denny was unarmed and was making no demonstration to injure appellant. On the other hand, appellant's evidence is to the effect that an hour or so before the homicide Denny was in his room and was informed of the fact that appellant had a large sum of money tied up in a handkerchief in his trunk. Some time later Denny returned and asked change for a five dollar bill in order to pay for his dinner. About that time he seized appellant by the throat and also grabbed the money in the trunk. He started out of the room and appellant hung on his arm and called for help, and told him that he was not going to take his money. Denny started down the steps and appellant ran and got a pistol and overtook him. Appellant then grabbed Denny and asked for his money. On the way to the gate they fought each other, and Denny struck appellant four or five times. When they reached the gate Denny cursed appellant and said he would kill him if he came any further. Thereupon appellant shot Denny to save his own life and to prevent Denny's escaping with his money.

From the earliest days of common law it has been the rule that a homicide is justifiable when committed to prevent a felony attempted by force or surprise, such as murder, burglary, robbery, arson, rape, sodomy, and the life. 30 C. J. 38; 13 R. C. L. 807; Osborne v. State, 140 Ala. 84, 37 So. 105; Roe v. Com., 6 Ky. L. R. 374. The Commonwealth concedes the rule, but insists that the facts in this case bring it within the exception that the killing must be done for the preventon of a felony, and not as a punishment for a felony already committed (State v. Vanarsdale, 126 La. 732, 52 So. 1006), it being argued that when appellant shot the deceased, the offense of robbery had already been committed. But the law does not draw such a fine line of demarcation. The right to kill in defending against a robbery does not end as soon as there is such a change of possession of the property taken as will render the crime technically complete, but remains with the owner as long as his property is in his immediate presence, and the killing of the robber will prevent it from being carried away. 13 R. C. L. 808; Crawford v. State, 90 Ga. —, 701 S. E. 628, 35 A. S. R.

242; People v. Grimes, 132 Ca. 130, 64 Pac. 101. It is also the rule that to constitute robbery, to prevent which a killing may be justified, it is not necessary that the taking of the property shall be directly from one's person; it is sufficient if it is taken while in his possession and immediate presence. Crawford v. State, *supra*. Following these rules, it is clear that if, upon the occasion in question, the deceased feloniously and by force, or by putting appellant in fear or bodily harm, did take and carry away money of appellant that was in his possession and presence with the felonious and fraudulent intent then and there to convert same to his own use, and permanently deprive appellant of his property therein, then appellant had the right so long as the deceased remained in his immediate presence with the property to use such force as was necessary, or reasonably appeared to him to be necessary, to prevent the deceased from carrying the money away, even to the taking of the life of the deceased, and if, under such circumstances, appellant shot and killed the deceased, he should be acquitted. It necessarily results that the court's refusal to submit this phase of the case to the jury was prejudicial error.

The other instruction offered by appellant was properly refused as there was no evidence to support it.

Judgment reversed and cause remanded for new trial consistent with this opinion.