## Sizemore v. Commonwealth.

(Decided April 19, 1927.)

### Appeal from Leslie Circuit Court.

1. Homicide.—Evidence held to sustain conviction for manslaughter as against claim of self-defense.

2. Homicide.—In prosecution for murder, instruction on right of self-defense held not erroneous for want of statement that, if defendant in good faith abandoned the difficulty, and fled and was pursued and put in danger, he had a right to defend himself, in view of facts.

3. Homicide—Instruction on right of self-defense held not objectionable as leaving it to jury, instead of to accused, to determine fact of danger.

4. Criminal Law.—In prosecution for murder, where defendant admitted the killing and pleaded self-defense, instruction on right of self-defense was not erroneous, in assuming that defendant struck and killed deceased.

5.  Homicide.—In prosecution for murder, admission of evidence of
things said by or to defendant at or near scene of homicide, shortly
before it occurred, but unrelated to the main transaction, if error,
held harmless.

J. M. MUNCY, L. D. LEWIS and T. G. LEWIS for appellant.

F. E. DAUGHERTY, Attorney General, and MOORMAN DITTO,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, Gus Sizemore, was convicted by judgment
of the Leslie circuit court of the crime of manslaughter
and sentenced to 21 years in the penitentiary; hence the
appeal.

The reasons assigned why the judgment should be
reversed require that only a brief summary of the facts
be given. The testimony for the commonwealth tended
to establish that appellant, Gus Sizemore, his brother,
Will Sizemore, Boyd Jones, Lonzo Jones, Lige Jones,
Sarah Jane Hardigree, and Ida Jones were present when
the homicide was committed. The transaction occurred
near the small mercantile establishment of deceased,
Boyd Jones, on Bull creek, in Leslie county, Ky. The
two Sizemores, deceased, Boyd Jones, and Lonzo Jones,
appear to have worked together a good portion of the
day in question. They were gathering corn, and seem to
have had an ample supply of whisky, of which they drank
from time to time, with the result that all of them be-
came drunk late in the afternoon. They left the corn-
field and went to the storehouse of Boyd Jones, where
they with others present appear to have spent some time
together. Up to this time there was no evidence of ill
feeling between them, and it does not appear that there
had ever been any character of trouble theretofore. Appel-
lant, Gus Sizemore, and Lige Jones began to scuffle with
each other; appellant starting it by seizing Jones and
pulling him from the platform in front of the store. After
they had been scuffling a few moments, appellant seized
a cant hook which was standing by the side of the store-
house and attempted to strike Lonzo Jones. Boyd Jones
and Will Sizemore interfered at this point, and Jones
caught the cant hook and took it away from appellant.
Appellant then struck Boyd Jones on the nose with his
fist and knocked him down causing his nose to bleed pro-
fusely. From that time until he was struck on the head

with a rock thrown by appellant, receiving the injuries from which he died, deceased, Boyd Jones, did not recover full consciousness, but, as described by the witness for the commonwealth, was "addled." After appellant struck deceased with his fist, his brother, Will Sizemore, attempted to take him home, and had proceeded with him across the creek which runs immediately in front of the storehouse. Boyd Jones, in the condition described, had followed as far as the bed of the creek, and at a time when he was proceeding in a stooping position, apparently trying to reach the water of the creek to wash the blood from his face, and when he was not looking toward appellant, or making any effort to molest him, appellant turned, and, procuring a large stone, threw it at Jones, struck him on the side of the head, crushing his skull, and producing the injuries from which he died within a short while. According to the testimony for the commonwealth, after appellant struck deceased with his fist and his brother, Will Sizemore, started away with him, no one did anything or made any effort to harm appellant in any way before he threw the stone that killed Boyd Jones. Thus the testimony for the commonwealth makes the homicide appear to have been wholly inexcusable, and the jury had to determine only the question whether it was murder or manslaughter, according as they believed it was done with malice aforethought, or in sudden heat and passion.

The testimony for the defendant tended to establish that he and Lonzo Jones were merely scuffling in a friendly way, when deceased, Boyd Jones, interfered, seized the cant hook, and attempted to strike him. He denied having struck Boyd Jones with his fist, and testified that, when Boyd Jones was prevented from striking him with the cant hook by some one who took it away from him, the two Sizemores immediately left, and that the two Jones and Boyd Jones' wife and her mother, and perhaps others, pursued them, all throwing rocks at them, and that, after they had crossed the creek, their adversaries pressed so closely upon them and struck them so repeatedly with stones that it became necessary for them to defend themselves, that immediately before he threw the stone which struck and killed Boyd Jones the latter had thrown a stone which struck him on the head and knocked him down, and that, as he arose, he procured the stone and threw at Jones to defend himself from further danger.

It thus will be seen that there was presented to the jury by the evidence herein the clear-cut issue of fact as to whether this homicide was unlawful and either murder or voluntary manslaughter according to the facts, or was lawful and excusable upon the ground of self-defense and apparent necessity. Under these facts the contention made for appellant that the verdict is flagrantly against the evidence cannot be sustained.

Appellant insists that he was entitled to have submitted to the jury the principle of law to be found in many opinions cited by his counsel that, if he in good faith abandoned the difficulty and fled and was pursued by his adversary, and thus put in danger of the loss of his life or great bodily harm, he had the right to defend himself. That principle of law is never called into play in a criminal case except when the qualified self-defense instruction is given; that is, in such cases as under the self-defense instruction the jury is instructed that defendant cannot rely and be acquitted upon the ground of self-defense and apparent necessity if he sought and brought on the difficulty and thus made the danger to himself, real or apparent, at the hands of his adversary. The self-defense instruction in this case was not so qualified, and hence this contention for appellant is without merit.

Appellant relies upon Sizemore v. Commonwealth, 158 Ky. 492, 165 S. W. 669, Coffman v. Commonwealth, 10 Bush 495, Holloway v. Commonwealth, 11 Bush 344, Munday v. Commonwealth, 81 Ky. 233, and Cockrill v. Commonwealth, 95 Ky. 22, 23 S. W. 695, 15 Ky. Law Rep. 328, to support his contention that the self-defense instruction given herein was erroneous, in that it left the determination of the fact of danger to the jury instead of to the accused. It has often been written that a self-defense instruction, so worded as to leave it to the jury to determine whether the defendant was in danger, is erroneous. Our examination of the instruction given herein, however, leads us to the conclusion that it is not subject to the criticism directed against it, and was not so worded as to fall within the condemnation of the opinions relied upon. It reads:

"The court instructs the jury that if you believe from the evidence that at the time the defendant Gus Sizemore, struck with a rock and killed the deceased, Boyd Jones, the defendant believed

and had reasonable grounds to believe that he or Will Sizemore were then and there in danger of death or the infliction of some great bodily harm at the hands of the deceased, Boyd Jones, or any one acting in concert with him, and that it was necessary and was so believed to be necessary by the defendant, Gus Sizemore, or it appeared to him in the exercise of a reasonable judgment to be necessary to so strike and kill the deceased, Boyd Jones, in order to avert the danger real, or to the defendant apparent, then in that event you ought to acquit the defendant upon the grounds of self-defense or apparent necessity therefor, or in the defense of another or apparent necessity therefor.''

The clause found in the instruction reading, ''Or it appeared to him in the exercise of reasonable judgment to be necessary to so strike and kill the deceased, Boyd Jones, in order to avert that danger, real or to the defendant apparent,'' seems clearly to relieve it of the objections offered to it by appellant. Perhaps in the clause immediately ahead of that last quoted reading, ''And that it was necessary and was so believed to be necessary by the defendant,'' the word ''or'' should have been used immediately following the word ''necessary'' instead of ''and.'' However, the instruction taken as a whole could not have been misunderstood by the jury, and the section of it quoted clearly gave the jury to understand that they must acquit the defendant in the event they believed from the evidence that it appeared to him in the exercise of a reasonable judgment to be necessary to strike and kill the deceased in order to avert the danger, either real or to him apparent.

Appellant complains that the self-defense instruction assumes the fact he struck and killed the deceased, Boyd Jones, and therefore insists that it was erroneous and prejudicial. He cites and relies upon a number of cases announcing the doctrine that a plea of not guilty puts in issue every essential fact charged in the indictment. Those cases, however, have been written with reference to the instructions authorizing the jury to convict a defendant. The fact that appellant struck and killed deceased, Boyd Jones, was not assumed in either the murder or voluntary manslaughter instruction given; the only two instructions given herein authorizing the jury to convict appellant. Appellant defended, not upon

the theory that he did not kill Boyd Jones, but admitted that he did so, and sought to justify the homicide as being necessary and excusable in self-defense, and therefore not unlawful. In that state of case it cannot be held that the self-defense instruction which assumed the fact admitted by defendant—that is, the fact that he killed deceased—is erroneous or prejudicial

Appellant insists that the trial court erred in admitting incompetent evidence against him upon the trial below. The evidence complained of consists of things said by or to him, at or near the scene of the encounter, and shortly before it occurred. They are so unrelated to the main transaction that, if it should be assumed that they were incompetent, we are unable to perceive that they could have played any part in leading the jury to the verdict returned by it, and consequently could not be regarded as prejudicial if erroneous.

A careful consideration of the record does not disclose that any error to the prejudice of appellant's substantial rights occurred upon his trial in the court below.

The judgment, therefore, will be affirmed.