## Patton v. Commonwealth.

(Decided April 22, 1927.)

### Appeal from Wayne Circuit Court.

1. Assault and Battery.—In prosecution for shooting at and wounding another, evidence held sufficient to sustain conviction.

2. Criminal Law.—Fact that there are more witnesses on one side than on the other does not of itself justify Court of Appeals in holding that verdict is against evidence.

3. Criminal Law.—Power of Court of Appeals to declare verdict against evidence should be exercised with great caution.

4. Criminal Law.—Where essential elements of requested instructions were embraced in instructions given and were put in better and more concise form, refusing instructions requested held not error.

BERTRAM & BERTRAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant was charged by indictment with the malicious shooting and wounding of Dave Stonecipher, from which the latter did not die. On his trial he was found guilty and sentenced to two years' imprisonment, from which judgment this appeal is prosecuted.

The parties lived on adjoining farms, and were related by marriage. Up to a short time before the shoot-

ing they appear to have been on friendly terms, but within a few weeks before friction had developed between them, growing out of depredations on appellant's farm by Stonecipher's stock, and out of a charge made by appellant that Stonecipher had appropriated a raincoat or slicker belonging to him

About eight days before the shooting, appellant's home was destroyed by fire, and he and his wife moved temporarily a few miles away into the state of Tennessee; the locality being near the state line. The occurrence of the fire appears to have emphasized the antagonism between the men, and the evidence discloses that each of them had made threats against the other.

When appellant temporarily moved to Tennessee, he left some stock at his home place, and on the day in question he and his wife had returned there for the purpose of caring for and feeding the stock. On the road from the temporary abode in Tennessee to his home place lived a man by the name of Abbot, who apparently was a friend of both appellant and Stonecipher. When appellant and his wife passed Abbot's home, they saw Stonecipher there, and shortly after they reached their home place they saw him approaching on his mule, going in the direction of his home. The public road passed appellant's place some little distance from a crib or barn where he was engaged in feeding his stock, but, when Stonecipher reached a point on the highway about opposite a gate leading from appellant's place onto the highway, appellant also was there, and the altercation ensued in which Stonecipher was shot twice, once in each leg.

Stonecipher's evidence is that, when appellant first saw him approaching, he was in his garden, but then came out to the gate, or the mouth of the lane, and, when the witness reached a point opposite the gate, defendant climbed upon the gate, drew his pistol and began shooting at him, that the mule he was riding became frightened and wheeled and started back up the road, and that defendant continued to shoot at him, and shot him in one leg after he had started up the road, having previously shot him in the other. The witness stated that he was not armed at the time and that nothing occurred between them immediately before the shooting.

On the other hand, defendant testifies that Stonecipher came down the road upon his mule with a pistol

in his hand when he first saw him, but that later he put the pistol inside his clothes and was again trying to get it out as he approached where defendant was, and before defendant shot. He also testifies to a conversation between them before the shooting occurred, in which reference was made to the slicker which had been the cause of previous controversy between them.

Two other witnesses, who were some 50 yards away, state, in substance, that Stonecipher came rapidly down the road on his mule, and that when the parties met at the gate he used loud and boisterous language, and tried to get something out from his clothes, and, after defendant had fired his pistol and emptied it, and he and his wife had run up the hill, that Stonecipher shot at them as they retreated.

It may be admitted that the weight of the evidence, considering the corroboration of defendant by the two witnesses, who were some 50 yards away, tended to establish self-defense; but the positive and direct statement of Stonecipher that he had no pistol and that defendant apprehended him on the public highway and shot him without a word, if believed by the jury, not only justified the submission of the case to the jury, but is amply sufficient to uphold the conviction.

The fact that there are more witnesses on one side than the other as to a vital point in a trial does not of itself justify this court in saying that a verdict is flagrantly against the evidence; that being a power exercised by this court with great caution only. Copeland v. Com., 216 Ky. 286, 287 S. W. 721; Partin v. Com., 197 Ky. 840, 248 S. W. 489.

Some complaint is made of two instructions, but counsel, instead of pointing out the alleged defects in those instructions, incorporated in their brief certain instructions which they say should have been given in lieu of those two. But an analysis of the instructions so suggested discloses that in all essential respects the identical ideas are embraced in the instructions given, but in a better and more concise form. In fact, the instructions given are in the form often approved by this court.

Judgment affirmed.