# Jones v. Commonwealth.

(Decided May 23, 1933.)

J. B. WALL for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Bud Jones and two others were indicted in the Laurel circuit court for the crime of willful murder, charged to have been committed by shooting and killing Ed Lewis. On a separate trial Jones was convicted and his punishment fixed at confinement in the penitentiary for the period of his natural life. In the preliminary statement of the case to the jury, the attorney for the commonwealth stated:

> "If these three (defendants) testify as witnesses in this case we will show by every good citizen in North Corbin and in Corbin that they are a bunch of outlaws."

This was objected to by the defendant, followed by a motion to discharge the jury. The court admonished the jury to disregard the statement. It was the duty of the jury to obey this admonition. The presumption is that it did so, in the absence of a contrary affirmative showing. McGraw v. Ayers, 248 Ky. 166, 58 S. W. (2d) 378. It not appearing that the jury disregarded it, this language alone cannot be regarded as a ground for reversal. Earl Peters, Ernest Chatwell, and Coyle Farley were with Ed Lewis immediately preceding, and at the time he was shot and killed by Bud Jones. Simultaneously with the act of shooting of Lewis, Jones and his companions gave Peters, Chatwell, Farley, and Lewis what the witnesses call "a shakedown" or search, by drawing weapons upon them, and searching their persons, manifestly with the intention of taking from them whatever property they might find on them. As Jones engaged in the searching, he began to mistreat, and strike him on the head with a pistol, Lewis begging him to desist, when Jones shot him, the bullet striking near the heart, passing through his body, resulting in instantaneous death. It is argued by Jones that the evidence showing the "shakedown" and the search, established another offense, and that it was improper on the trial of the charge of murder to admit evidence of such other offense. It is a general rule that evidence of an offense other than that charged in the indictment is incompetent. Such general rule has been so often stated by this court, a citation of authority to sustain a statement of it should not be required of us. There are, however, certain exceptions to it, which allow the admission of evidence "to establish (1) the identity; (2) motive; (3) intent; (4) guilty knowledge; (5) a plan, system, or scheme of perpetrating crime; (6) to cover up a previous crime, or the evidence of the crime for which he is at the time being tried; (7) a crime, the proof of which is so interwoven as to be inseparable from the one for which he is being tried, that the evidence of the two acts cannot be separated." Sneed v. Com., 236 Ky. 838, 34 S. W. (2d) 724. The evidence concerning the "shakedown" or search falls within exception 7.

Jesse Leisure, a witness for the defense, stated on examination in chief and also on cross-examination that he did not see Bud Jones with a pistol on the night Ed Lewis was killed. On further cross-examination, he

was asked concerning a statement he had made at the courthouse, in London, shortly after the killing, in the presence of Judge Gross and others, wherein it was stated he was in company with Bud Jones on the night of the killing and saw him with a 45 automatic pistol, on depot street in Corbin, and that he had three pints of liquor. Leisure denied that he had made the statement to the persons or at the time or place named in the question. It is argued here that this question was incompetent. A witness may be impeached by contradictory evidence showing that he had made statements different from his present testimony, provided he is first inquired of concerning his previous statements with the circumstances of time, place, and persons present as clearly as the examining party can present them. Civil Code of Practice, secs. 597 and 598; Blanton v. Com., 210 Ky. 542, 276 S. W. 507; Yates v. Com., 204 Ky. 552, 265 S. W. 275; Mulligan v. Com., 202 Ky. 841, 261 S. W. 616. The question propounded to Leisure conformed to this rule. It is true the question embraced the inquiry as to the three pints of liquor, but the objection was directed not to so much of it as related to the liquor, but to it as a whole. Though that part of the question was incompetent, a general objection to it as a whole cannot avail the defendant as to the part in fact incompetent. His objection should have pointed out that portion he claimed to be incompetent. Hall v. Com., 189 Ky. 72, 224 S. W. 492; Strong v. Com., 216 Ky. 98, 287 S. W. 235; Meade v. Com., 225 Ky. 177, 7 S. W. (2d) 1052; Cochran v. Com., 236 Ky. 284, 33 S. W. (2d) 30; Madden v. Com., 237 Ky. 703, 36 S. W. (2d) 346. Chester Moore, in front of whose place of business the killing occurred, testified that Jay Smith, a codefendant herein, and Ed Lewis came into his place of business and procured a bottle of soft drink, Smith stating at the time that he wanted it for "a chaser." He described their coming into and going out of his place of business, and narrated a conversation had with him, and with each other. This was immediately preceding the shooting and killing of Ed Lewis. It is apparent that the statement of Moore sheds no light on the killing. It is equally true that it was not prejudicial to any right of the accused. It does not disclose any trouble between Smith and Lewis in the store, nor indicate that any trouble was occurring between Lewis and Jones, either before or after Lewis entered the

store. The conversation and conduct of Smith and Lewis in the store were not related to, nor connected with, the killing of Lewis by Jones. The admission of the statement of Moore concerning same was a harmless error as this term has often been defined by this court. Holcomb v. Com., 207 Ky. 372, 269 S. W. 349; Sizemore v. Com., 219 Ky. 505, 293 S. W. 1085. Following the introduction of the evidence of the defendant, the commonwealth introduced a large number of witnesses whose testimony impeached the defendant and the witnesses in his behalf, by showing the general reputation of each and all of them was bad for morals, or for truth and veracity. That method of impeachment of the accused and his witnesses is specifically authorized by section 597 of the Civil Code of Practice, which is applicable in criminal prosecutions. The time to which the evidence for that purpose was directed was the time of, and a reasonable period before, the trial, and was proper. Shell v. Com., 245 Ky. 223, 53 S. W. (2d) 524. After the accused testified, his reputation for truth and veracity or general moral character was subject to impeachment, the same as that of any other witness. Loving v. Com., 209 Ky. 536, 273 S. W. 56; Lake v. Com., 209 Ky. 832, 273 S. W. 511; Newhouse v. Com., 207 Ky. 731, 270 S. W. 11; Shell v. Com., supra.

Lastly the accused urges that the evidence is not sufficient to support the verdict. The evidence in behalf of the commonwealth shows that at the completion of the "shakedown" or search of Ed Lewis by the accused, he began to strike Lewis on the head, and punch him with a pistol, Lewis begging, telling him that he did not want to get into a fight, or have any trouble, when the accused shot him, Lewis falling and dying instantly. Jones then directed his companions to pick him up and take him wherever they wanted to; John D. Strong (a codefendant herein) reached down and caught him (Lewis) by the legs and said, "You damn fools help throw him in the car." The accused and his companions at once left for their homes. They narrate an entirely different story. They testified that when Lewis and Smith returned from Moore's store with the "chaser," Lewis drank it, and, for this reason, another "chaser" was procured at the store of Moore, when all parties present proceeded to take a drink of liquor, the accused drinking the last of the contents of the bottle;

when Lewis took exceptions to his drinking all of it and began to reprimand him for it, at the same time striking at him with his hands, the accused backing away, when Lewis drew his knife from his pocket and made at the accused, and it was then that he struck Lewis on the head with his pistol; this failing to deter or stop Lewis, he shot him. This synopsis is sufficient to show a direct, positive, conflict in the evidence, fully authorizing the verdict of the jury, and that in behalf of the accused justifying an acquittal. The weight and effect of the evidence were matters wholly within the province of the jury. Clark v. Com., 105 S. W. 393, 32 Ky. Law Rep. 63; Weathers v. Com., 162 Ky. 146, 172 S. W. 107; Elmendorf v. Com., 171 Ky. 410, 188 S. W. 483. It is an established rule, if there is any substantial evidence showing the commission of the offense, the case should be submitted to the jury (Levering v. Com., 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Blankenship v. Com., 228 Ky. 830, 16 S. W. [2d] 478), and whether the witnesses for the commonwealth or the defendant were telling the truth is for the jury to determine (Lewis v. Com., 224 Ky. 502, 6 S. W. [2d] 502; Mullins v. Com., 230 Ky. 624, 20 S. W. [2d] 442; Nelson v. Com., 232 Ky. 568, 24 S. W. [2d] 276). It has been so often stated by this court that a reversal will be granted on the ground of insufficiency of the evidence, when, and only when, the verdict is palpably against the evidence, it would seem unnecessary to cite authorities to sustain it. However, see Cowan v. Com., 229 Ky. 168, 16 S. W. (2d) 766; Hall v. Com., 229 Ky. 646, 17 S. W. (2d) 751; Jones v. Com., 230 Ky. 24, 18 S. W. (2d) 287; Miller v. Com., 231 Ky. 527, 21 S. W. (2d) 840; Duggins v. Com., 217 Ky. 688, 290 S. W. 514. The record showing no errors prejudicial to the substantial rights of the accused, or that he has been deprived of a fair and impartial trial, this court will not reverse a verdict of the jury solely on the ground it is flagrantly against the evidence, unless the verdict shocks the conscience. Begley v. Com., 200 Ky. 563, 255 S. W. 147; Ross v. Com., 202 Ky. 204, 259 S. W. 50; Burchett v. Com., 204 Ky. 454, 264 S. W. 1066; Moore v. Com., 223 Ky. 128, 3 S. W. (2d) 190. That the witnesses on one side are more numerous than on the other does not of itself warrant this court in disturbing the verdict of the jury. Patton v. Com., 219 Ky. 475, 293 S. W. 974; Moore v. Com., 223 Ky. 128, 3

S. W. (2d) 190; Blankenship v. Com., 228 Ky. 830, 16 S. W. (2d) 478.

Perceiving no error and none being pointed out in the brief of accused warranting a reversal, the judgment is affirmed.