Judge Crenshaw
delivered the opinion of the Court.
This suit was brought against Raymon by Reed in the Nicholas Circuit Court, where Raymon resided, upon a note executed by Raymon for $2,231 25. Process was issued to the county of Nicholas, and also to the county of Bourbon; each summons was executed ; the one which issued to Bourbon was served more than ten days before the ensuing term of the Nicholas Circuit Court, but the one which issued to Nicholas was not served in time for a judgment at the next Court.
Upon the calling of the cause at the ensuing term the defendant appeared and showed that he resided in the county of Nicholas at the institution of the suit, and still resided there, and that he was attending the Bourbon Court as a witness when the summons was executed in that county; and he objected to the. rendition of the judgment against him, but the court overruled his objection, and gave judgment against him.
The question is, was the judgment properly rendered upon the service of the process in Bourbon — ■ that served in Nicholas not being in time for a judgment at that term?
1. A suit was brought iu the county of defemlant’s residence; process issued to that county and an adjoining county. and served in the latter county in time for judgment, but not in the county of defendant’s residence in time for judgment: Held, that it was error to render judgment upon the service in the foreign eouu ty. (Code of Vrac. ckap. 5, secs. 107, 110.)
2. The defendant having objected to the judgment, and the court overruling his objection, it was proper to bring the case up for correction of the judgment; but if me court had not decided the question in that form, it would have been necessary to have moved the court for its corree tion, as a clerical misprison, before bringing the case to this court.
The law applicable to this question is found in the Code, title V, sections 107 and 110. These two sections are upon the same subject, and must be construed together. And although a literal construction of section 107, without a consideration, at the same time, of section 110, might authorize the conclusion that service of process upon the. defendant in another county than that in which the suit was brought— the latter being the county of his residence — yet, when these two sections are considered'together, we think the conclusion is clear and indisputable that the commencement of the suit in the county of the defendant’s residence, and the service of process in another county, will not authorize the judgment, unless the defendant had removed from the county of his residence after the commencement of the suit therein, which it is not pretended he did. Any other construction would render section 110 entirely nugatory and unmeaning.
After the appearance of the defendant we think the judgment against him would have been authorized had he failed to object to the same; but he appeared and objected.
Had there been no appearance to the action the judgment would have been regarded as premature, and a clerical misprision, and no appeal to this court would have been authorized until the Circuit Court had refused, upon motion, to set aside the judgment. But the defendant having appeared and objected to the rendition of judgment, and the court having decided upon its propriety, the error is an error of the court, and not a mere clerical misprision.
Wherefore the judgment is reversed, and the cause remanded with directions that the judgment be set aside, and for farther proceedings.