JUDGE DUVALL
delivered the opinion oe the court:
Smith instituted an action against Amyx, the object of which was to rescind a contract for the purchase of a small tract of land, and to recover of Amyx fifty dollars which Smith had paid him for the land.
Pending the action Smith died, and at a subsequent term there was an order reviving the suit in the name of his admin-istratrix and heirs. There appears to have been no service of the order of revivor upon the defendant. At the succeeding term of the court, a judgment by default was rendered against him for the fifty dollars claimed in the petition, which judgment was afterwards replevied. Execution having issued on the replevin bond, Amyx moved the court to quash the execution and the bond on which it issued, upon the ground that the judgment was void, there having been no service upon him of the order of revivor. The court, upon hearing, overruled the motion, and Amyx has prosecuted this appeal.
The rules which regulate the revivor of actions are prescribed by the Civil Code, sections 557 to 573, inclusive. By section 561 the order of revivor may be made on the motion, either of the adverse party or of the representatives of the party who died. And the next succeeding section provides, that if the order is made by consent of the parties, the action shall forthwith stand revived; and if not made by consent, the order shall be served in the same manner as a summons, upon the party adverse to the one making the motion.
It is not pretended that the order in this case was made by consent of the parties. But it is insisted that the record does not show upon whose motion the order was made, and that, therefore, this court should indulge the presumption that it was made upon the motion of the defendant in the action, inasmuch as such presumption becomes necessary to sustain the validity of the judgment.
But the question is, not what will be the effect of the pre *531 sumption contended for, but whether it is authorized by the record. The representatives of the plaintiff were evidently and directly interested in a speedy determination of the controversy, and in pursuing such legal remedies and forms as were necessary to that end. On the other hand, it certainly does not appear that the interests of the defendant were such as would be likely to suggest the adoption of any means for facilitating the progress of the suit. The attitude and interests of the respective parties, and the nature and objects of the suit, lead with great certainty to the inference that the order of revivor was made on the motion of the representatives of the plaintiff, and not on the motion of the defendant.
Such being the case, the rule of law is explicit and imperative that the order should have been served in the same manner as a summons upon the defendant. And, without such service, it is clear that the judgment subsequently rendered must be pronounced void, the consequences of a failure to serve the order of revivor being the same in all respects, so far as the validity of the judgment is concerned, as if there had been no service of the original summons, and no appearance by the defendant. By the death of the plaintiff the action abated, the defendant was, in effect, out of court, and was bound to take no further notice of any step taken in it, until notified in the manner prescribed by law.
That the defendant had a right to resist the enforcement of the void judgment is a proposition too clear to admit of controversy. The motion to quash the execution and replevin bond was an appropriate mode of making such resistance; and even if it were conceded that the rendition of the judgment, under the circumstances of this case, should be regarded as a clerical misprision merely, the motion to quash was a proper and timely presentation of the objection, and afforded an opportunity to the court below to correct the error. The refusal of the court to do so presents a valid ground of reversal by this court, under section 577 of the Code, which provides that such misprision “ shall not be a ground for an appeal or writ of error until the same has been presented and acted upon in the circuit court.”
*532 But a case in which there has been no service of process upon a defendant is not within the 578th section of the Code, which declares that “ rendering judgment before the action stood for trial, according to the provisions of this Code, shall be deemed a clerical misprision.” No such construction has ever been authoritatively applied to this section, in the case of Breeding, &c., vs. Stamper, (18 B. Mon., 175,) the facts were that Breeding, against whom the relief was sought, had been served with process and had defended the action in the circuit court. Some of his co-defendants, against whom no relief vims claimed or obtained, had not been served with process, and that fact was relied upon in this court by Breeding as a ground of reversal. It was decided, and properly, as we think, that it was a case of premature hearing, and not a ground for an appeal, until the objection had been presented and acted on in the circuit court, according to the provisions of the two sections quoted. In the previous case of Raymon vs. Reed, (16 B. Mon., 345,) the question under consideration was not presented or decided. Ray-mon had been served with process in Bourbon county in time for judgment; he had also been served with process in Nicholas county, where he resided, but not in time; he appeared in court, and objected to the rendition of any judgment against him; the circuit court overruled the objection, and this court decided that his objection should have been sustained; but that, had there been no appearance to the action, the judgment would have been regarded as premature, and a clerical misprision merely.
It would be manifestly unjust and unreasonable to require that a party who had never been served with process, and who could not, therefore, be presumed to know even that an action had been commenced against him, should appear in the court below and object to a judgment upon that ground, or move to set it aside, before he can be permitted to appeal to this court for relief against a judgment which the law pronounces void. The statutes in question admit of no such construction.
The judgment of the circuit court overruling the motion of the appellant to quash the execution and replevin bond is *533 reversed, and the cause remanded with directions to sustain the motion, and for further proceedings not inconsistent with this opinion.