CASE 9—IN EQUITY—JUNE 15.

## Smith vs. Ferguson, &c.

APPEAL FROM CARTER CIRCUIT COURT.

In a suit by husband and wife for a debt due to her, or by two partners, or by two devisees to whom land has been devised during their joint lives and then to the survivor, if one dies his right *survives* to the other. But in a suit by two coparceners, if one dies, though his right may pass to the other by descent, it does not *survive* to him.

The word "survives" is used in the 557*th section of the Civil Code* in its technical sense.

If the right of a deceased plaintiff *descends* to his co-plaintiff, that fact cannot be made to appear except by reviving the action in the name of the survivor as the representative of the decedent. Where, in such case, the court, under *section 558 of the Civil Code*, proceeds to try the case as between the remaining parties, without a revivor, it cannot adjudge all the property sued for to the remaining plaintiffs, but can only adjudge them their portion, leaving the portion of the deceased plaintiffs for future adjudication.

Rendering judgment for the defendant upon his counter-claim against infant plaintiffs, before the reply is filed by the guardian *ad litem*, is fatally erroneous. (18 *B. Mon.*, 558.)

Infant plaintiffs in an action in equity have no right to a trial at the same term at which their reply, by guardian *ad litem*, is filed to the defendant's counter-claim. The action of the court, in such case, in overruling the defendant's motion for a continuance, is not a clerical misprision, but an error of the court, which may be review-

ed in the court of appeals, though no motion be made in the court below to vacate the judgment. (16 *B. Mon.*, 345; *Flood & Co. vs. Owsley, MS. opin., June,* 1857.)

E. F. Dulin, for appellant, cited *Civil Code, sections* 557, 558, 560.

R. Apperson, on same side, cited 7 *Mon.*, 615; 4 *J. J. Mar.*, 291; 9 *Dana*, 325; 6 *Dana*, 454; 3 *Bibb*, 502; 3 *Mar.*, 24; 3 *B. Mon.*, 426; 9 *Dana*, 35; 5 *J. J. Mar.*, 564; 1 *Met.*, 54; *Story's Eq.*, 584–5; 5 *Mon.*, 544; 2 *Mar.*, 108; 1 *Dana*, 362; 4 *Dana*, 257; 2 *B. Mon.*, 415; 3 *J. J. Mar.*, 276.

Simpson & Scott, on same side, cited *Civil Code, secs.* 557, 30, 34, 35, 33.

Jas. Harlan, for appellees, cited 2 *A. K. Mar.*, 46; *Daniell's Chancery Practice, vol.* 2, *side pages* 835–837; 2 *B. Mon.*, 254; *Hackney vs. Smith & Carter, MS. opin. December,* 1860.

W. C. Ireland, on same side, cited 9 *B. Mon.*, 264; 4 *J. J. Mar.*, 588; 2 *Marsh.*, 46; 2 *B. Mon.*, 254; 4 *Mon.*, 460; *Civil Code, sec.* 557.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

In 1855 A. W. Ferguson's widow and children sued the appellant and another for land in their possession which the plaintiffs claimed as widow and heirs of said Ferguson. Said children were infants, and sued by the widow as their next friend. At the April term of the court, in 1855, the appellant filed an answer and counter-claim, asserting an equitable title to the land under a contract with said Ferguson, and praying that plaintiffs be required to convey the land to him, and the case was transferred to the equity docket. The widow filed a reply at the October term, 1855. At the April term, 1860, the appellant filed an amended answer and counter-claim; the widow filed a reply thereto; the death of two of the children of Ferguson was suggested; a guardian *ad litem* was appointed for the surviving children, and he filed a reply for them to the original and amended counter-claim of the appellant; the plaintiffs filed the affidavit of their attorney, stating that the surviving children were the only heirs of the deceased children of said Ferguson; the appellant filed an affidavit and

twice moved for a continuance; and the court overruled said motions, decided that no revivor was necessary, and rendered a judgment dismissing the counter-claim, and that the plaintiffs recover of the defendant the land.

The first point relied on by the appellant's counsel is, that the case could not be properly tried without a revivor in the name of the representatives of the two children of Ferguson, who died *pendente lite*. In a suit by husband and wife, for a debt due to her, or by two partners, or by two devisees to whom land has been devised during their joint lives and then to the survivor, if one dies his right *survives* to the other. But in a suit by two coparceners, if one dies, though his right may pass to the other by descent, it does not *survive* to him. Our opinion is that the word "survives" is used in the 557*th section* of the Code in its technical sense, and only applies to cases of the former kind, in which the right survives by operation of law or operation of the will or contract under which the parties claim or are charged. If the right of a deceased plaintiff *descends* to his co-plaintiff, that fact cannot be made to appear except by reviving the action in the name of the survivor as the representative of the decedent.

But, if one of several plaintiffs dies, though his right does not survive to his co-plaintiffs, yet, if "the court is of opinion that the merits of the controversy can be properly determined, and the principles applicable to the case fully settled, it may proceed to try the cause as between the remaining parties, but the judgment shall not prejudice any who were not parties at the time of trial." (*Code, sec.* 558.) Perhaps under this section, the court might properly have tried the case as between the remaining parties without a revivor; but, if so, it could not adjudge all the land to the remaining plaintiffs. It could only adjudge them their portion of it, leaving the portion of the deceased plaintiffs for future adjudication.

There is another ground on which the judgment must be reversed. The rendition of judgment for defendant, upon his counter-claim, before the reply was filed by the guardian *ad litem*, would have been fatally erroneous. (*Pond vs. Doneghy,* 18 *B. Mon.,* 558.) The reply for the infant plaintiffs was nec-

essary to complete the pleadings, and they had no right to a trial at the same term at which it was filed. The action of the court, in overruling the appellant's motion for a continuance, was not a clerical misprision, but an error of the court, which may be reviewed here, though no motion was made in the court below to vacate the judgment. (*Raymon vs. Reed*, 16 *B. Mon.*, 345; *Flood & Co., vs. Owsley, MS. opinion, June,* 1857.)

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.