CASE 55—PETITION ORDINARY—SEPTEMBER 25.

## Ruby vs. Grace.

### APPEAL FROM GRAVES CIRCUIT COURT.

An ordinary action was brought in *Graves* county—the defendant not then residing there—and, on the return of process executed in *Webster* county, judgment was rendered against the defendant. *Held*—That the judgment was not merely a clerical misprision, but was erroneous and void. (*Civ. Code*, *secs.* 110, 577, 578; 16 *B. Mon.*, 345; 14 *Ib.*, 647.)

HARLAN & HARLAN and KING for appellant.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This was an ordinary action upon a promissory note, purporting to have been given by the appellant to the appellee, for $1,071 81; dated August 29th, 1860, and payable six months thereafter. The suit was brought in the Graves circuit court; but no summons appears to have been executed on the defendant in Graves county, nor was it made to appear that she had resided in that county when the suit was commenced, and removed therefrom afterwards, as required by the 110th section of the Civil Code, to give the Graves circuit court jurisdiction upon service of process in another county.

But a summons directed to the sheriff of *Webster* county was returned by him executed on the defendant on the first day of August, 1863; and without any other service of process, and without the defendants having appeared in the action at all, the court rendered a judgment against her on the note, to reverse which this appeal is prosecuted.

That the judgment was erroneous and unauthorized we entertain no doubt; but a question of some seeming difficulty arises, especially in view of former decisions of this court, whether the error in this case is in the first instance a ground of appeal to this court.

Section 577, Civil Code, provides, that " a misprision of the clerk shall not be a ground for an appeal or writ of error until the same has been presented and acted upon in the cir-

cuit court." And by section 578 it is declared, that "render-ing judgment before .the action stood for trial, according to the provisions of this Code, shall be deemed a clerical mis-prision."

Do these provisions of the Code comprehend this case, or, in other words, did the court render the judgment before the action stood for trial *according to the provisions* of the Code? We think not. In our opinion, the enactments referred to should not be construed to apply to actions which do not, at some future day, stand for trial by reason of actual or con-structive service or appearance.

There is a manifest distinction between this case and the case of Raymon vs. Reed (16 *B. Mon.*, 345), in which the action was brought in Nicholas county, and a summons exe-cuted in that county and another in the county of Bourbon. The service in Nicholas had not been made the length of time required by law to authorize the judgment; yet, by reason of it, the case would stand for trial at a future time; and we think the judgment, which was prematurely rendered, was rightly held to be a clerical misprision according to sec-tions 577 and 578 of the Code.

There is more difficulty in reconciling the conclusion to which we have arrived with the opinion of this court in the case of Pottinger vs. Mayfield (14 *B. Monroe*, 647), which was an action against two defendants, one of whom only was served with a summons in another county than that in which the action was pending, and a judgment against him was treated as a clerical misprision. But the statement of the court of the ground of that opinion goes far to fortify our conclusion in this case. The court said: "The cause did not stand for trial, as it did not appear that either of the defend-ants resided in Jefferson at the commencement of the suit, nor that one of them had been served with process in that county."

The judgment in this case seems to us to be clearly em-braced by the prohibitory enactment of the Code (*sec.* 107), and for the very reason assigned by the court in the case last referred to, that the appellant was not before the court so as

to authorize the action to be set for trial at all. We are of opinion that the action of the circuit court cannot be regarded as a clerical misprision, but an erroneous and void judgment, now properly before this court for revision.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.