## Whalen, et al. v. Hopper's Guardian, et al.

### (Decided March 12, 1913.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, First Division).

1. **Infants—Action to Sell Land of—Service of Process.**—In an action to sell the land of an infant for the debt of his ancestor, the infant must be made a defendant to the action and served with process.

2. **Infants—When Judgment Subjecting Land of to Ancestor's Debt May Not Be Rendered.**—Although the action may be brought for other purposes, no judgment may be rendered subjecting the infant's land to the ancestor's debt, where the infant is only a party plaintiff in the action, and the debt is asserted by a co-plaintiff in the petition.

3. **Infants—Counterclaim—Service of Process on—Defense for Infants.**—No service of process is necessary on a counterclaim, but before judgment may be rendered against an infant on a counterclaim, defense should be made thereto for him, either by his guardian or a guardian ad litem.

LAWRENCE S. LEOPOLD, FRANK J. DOUGHERTY for appellants.

EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Carrie L. Hopper, the wife of Arthur E. Hopper, died intestate in Jefferson County on September 17, 1910, leaving surviving her four children, three of whom were infants. She owned at her death a house and lot in Louisville on the south side of Broadway Street, on which she had executed a mortgage to the Home and Savings Fund Company Building Association. The Louisville Trust Company was appointed as guardian of the three infant children. On May 4, 1912, this action was brought, the plaintiffs in the action being the Louisville Trust Com-

pany, as guardian of the three infant children, the three infant children suing by the Trust Company, as their guardian, Arthur E. Hopper and Mary E. Hopper, his second wife. The defendants to the action are the son who was of age, the Building Association and George W. Hutchison. The plaintiffs alleged in the petition the facts above stated, and also that Arthur E. Hopper since the death of his wife had paid to the Building Association $363.76, to prevent a default in the obligation executed to it, and that he had paid to George W. Hutchison $207.50 on a note which he held which was a lien on the property; that the Building Association and Hutchison were claiming some right or title to the property; that it could not be divided without materially impairing its value. They prayed that the Builidng Association and Hutchison be required to set up such claim as they had; that Arthur E. Hopper be adjudged subrogated to the rights of the lien creditors to the extent that he had paid on the lien debts after the death of his wife, and that the court decree a sale of the property, and a division of the proceeds between the parties as their interest should appear. The Building Association filed an answer which was made a counterclaim and cross-petition, in which it set up that its debt which was secured by mortgage on the property amounted to $1,923.25, and it prayed that its lien on the property be enforced. The answer was made a counterclaim against the plaintiffs, and a cross-petition against the defendants. George W. Hutchison filed a similar answer setting up his lien, alleging that there was a balance of $50 with interest due thereon. Process was issued on these cross-petitions which was executed on the defendants to the action. The deposition of Arthur E. Hopper was taken, and the case being submitted there was a judgment in favor of the Building Association for its debt and cost, and a like judgment in favor of Hutchison, and in favor of Arthur E. Hopper for the amount which he had paid on the lien debts after his wife's death. The property was ordered sold to pay the debts, the remainder of the proceeds to be divided between the parties in proportion to their interest. The sale was made; Dennis Whalen and Mary Whalen were the purchasers of the property for $2,305. They filed exceptions to the sale; their exceptions were overruled, and they appeal.

The purchasers' exceptions to the sale were upon the ground that the infants should have been parties defendant, and that defense should have been made for

them as to the claim of Arthur E. Hopper for $571.26, the claim of the Building Association for $1,923.25, and George W. Hutchison for $50 and interest. It will be observed that the infants were before the court only as plaintiffs in the action, and that the interest of their father was antagonistic to them in so far as his claim of $571.26 is concerned. By section 489 of the Code a vested estate of an infant in real property may be sold by order of a court of equity for the payment of a debt or liability of his ancestor in an action brought against him pursuant to section 428 of the Code or in an action brought against him by a creditor of the ancestor. This was in substance an action to sell the land of the infants to pay the debt of their ancestor. It is true it was alleged in the petition that the property was indivisible, but the real object of the action was not to sell the land for division of the proceeds among the owners under section 490 of the Code; the primary purpose of the action was to sell the land to discharge the debts of the ancestor. In Hartman v. Fast, 145 Ky., 402, it was held that in an action brought pursuant to section 489 of the Code to sell real estate of an infant to pay the debts of his ancestor, service of process on the infant is necessary, and that a statutory guardian cannot enter his appearance. In this case all of the infants were over fourteen years of age. The Code requires such an action to be brought against the infant. The purpose of the provision of the Code is that defense shall be made for the infant, so that his interest may be protected by the court. A different rule applies where a sale is made under subsection 2 of section 490. (Ellis v. Smith, 147 Ky., 99.) But in so far as the action seeks a sale of the infant's land for the debts of the ancestor no judgment may be rendered unless he is made a defendant to the action.

As to the claim of their father for $721.25, the infants were not before the court, as neither he nor their guardian had authority to join them as plaintiffs in the action, and thus enter their appearance to it for the purpose of obtaining a sale of their land to satisfy the debt. As to the claims of the Building Association and Hutchison, the infants being plaintiffs in the action, and these claims being set up as a counterclaim by the defendants in their answer, while no process on the infants who were plaintiffs in the action was necessary, it was necessary that defense be made for them as to these claims before judgment was rendered against the infants.

By subsection 34 of section 732 of the Code, the word "action" embraces a set off or counterclaim, and by subsection 3 of section 36, no judgment shall be rendered against an infant until the regular guardian or guardian ad litem shall have made defense, or filed a report stating that after a careful examination of the case, he is unable to make defense. No defense or report was made for the infants and no report of any kind was filed. The three claims amounted to more than the land brought at the sale, so the result of the proceedings is that the land of the infants was sold without any defense being made for them as to these claims, and when they were not before the court as to one of them. The court, therefore, should have sustained the purchasers' exceptions to the sale, and set it aside, as the purchaser should not be required to accept an invalid title, when by his exceptions to the sale he makes the objection in due time.

Judgment reversed and cause remanded with instructions to the circuit court to sustain the exceptions to the sale, and for further proceedings consistent herewith.