### Kentucky Midland Coal Company v. Vincent, By, et al.

(Decided May 20, 1914.)

## Appeal from Muhlenberg Circuit Court.

Personal Injuries—Action for—Evidence—Verdict.—In an action for personal injuries resulting from a mule, driven by plaintiff in a coal mine, running away with him, evidence examined and held to authorize a verdict for $850.00.

WILLIAM H. YOST for appellant.

HUBERT MEREDITH, DOYLE WILLIS and W. J. ROSS for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellee, a boy seventeen years of age, was employed by appellant to drive a coal car in its mines, and having been injured while so driving he instituted this action for damages, alleging that the defendant had furnished him a dangerous and vicious mule to drive, and represented to him that the mule was safe; that he was inexperienced in such work, and so notified the com-

pany's officers, and that after he had been driving said mule a day or two the same ran away with him in said mine and caused the injury.

The defendant in its answer denied the material allegations in the petition, and in another paragraph pleaded contributory negligence.

Upon the trial the jury found for the plaintiff a verdict for $850; and from a judgment on that verdict this appeal is prosecuted.

The first ground for reversal urged is that incompetent evidence was admitted against the appellant; two witnesses for plaintiff were permitted to state that a few days after his injury they had visited him, and that he appeared to be suffering a good deal, as one of them said, and the other that he seemed to be complaining considerably; and in answering a question one of the witnesses said, "he appeared to be suffering, he said he was, I don't know," and it is argued from this that the court permitted the statements of appellee which were not a part of the *res gestae* to be introduced in his behalf. But it is apparent that the statements of the witness as to what he said were not called for in the question, and were only incidentally added by the witness. The statements of the two witnesses properly interpreted were nothing more or less than statements that the plaintiff seemed to be suffering, judging from his general appearance.

It is next insisted that the verdict for $850 is excessive. The plaintiff's testimony showed that he was in bed for three weeks as a result of this injury, that he slept very little during that time, and that he had never been able since to do the full labor of a man. The evidence of the doctors was that while the leg was not broken the muscles therein were seriously and permanently injured; that the leg at the time of the trial was not in normal condition; that the blood did not properly circulate through it, and it was considerably larger in places than the other leg. With this evidence in the record we cannot see the force of the contention that the verdict is excessive.

Next it is contended that the verdict is not sustained by the evidence. There is in fact no serious conflict in the evidence except as to whether appellee at the time of the injury was driving a large horse-mule which is shown to have been vicious and dangerous, or whether

he was driving a small black mare-mule which is shown to have been gentle and docile. Appellee's own testimony is that he was driving a large horse-mule, and the testimony of three others shows that he had been that morning driving a mare-mule. But, this question was submitted to the jury, and we are unable to see that the jury were not justified in accepting the appellee's statement.

The judgment is affirmed.