## Smith v. Blue Ribbon Lines, Inc.

February 14, 1950.

Jim Sowards, Judge.

John F. Coldiron and Frank K. Warnock for appellant.

John W. McKenzie for appellee.

CHIEF JUSTICE SIMS—Affirming.

Miss Maggie Smith fell while alighting from a bus of appellee about 11:30 P. M., on Feb. 6, 1948, in the town of Greenup and suffered a broken leg, a sprained ankle and perhaps other injuries. She brought this action to recover $15,000 damages for the alleged negligence of defendant in permitting the steps of the bus to become covered with snow and ice and in failing to provide her a safe place to alight from the bus. At the conclusion of all the evidence the court directed a verdict for the defendant and plaintiff appeals.

A reversal is sought of the judgment entered on the verdict because the court erred: 1, In failing to let the case go to the jury; 2, in refusing to permit plaintiff to introduce a letter she wrote to defendant from which its counsel read in part in cross-examining her.

Miss Smith did not testify that the steps had snow or ice on them and she repeatedly stated in her testimony that her fall was caused by the snow and ice on the street as she stepped off the bus. The uncontradicted evidence of defendant shows that the steps of the bus were lighted and the vehicle was so constructed that the steps are inside and are protected from the weather by the door when it is closed. The weather was cold, the thermometer standing at 10 or 15 above zero and some 5 or 6 inches of snow covered the ground. The evidence is that no snow or ice was tracked onto the steps from the outside, as it was so cold it did not stick to people's shoes. At Portsmouth the bus was in a steam-heated depot for some 45 minutes before it departed for Greenup, about 25 miles distance. The driver testified that

only two or three people got on the bus between Portsmouth and Greenup and no snow or ice was tracked onto the steps in the bus.

If there was any negligence upon defendant's part, it was in letting plaintiff off the bus at an unsafe place. Miss Smith had come from Cold Springs in Campbell County and her destination was her home town of Greenup. The hour was late (11:30 P. M.) and plaintiff did not want to go to the regular bus stop in Greenup but pulled the signal cord for the bus to stop at the next intersection, which was Cherry Alley and Main Street. A snow plow had banked the snow on the edge of the street. The driver stopped the bus near the center of the intersection at Cherry Alley where the snow had been packed down so as to enable plaintiff to avoid the bank or ridge of snow on the side of the street when she got off the bus. There was a street light at this intersection, and it is admitted that the lights inside and outside of the bus were burning when plaintiff alighted. She had no baggage and did not ask to be assisted from the bus.

This case is much like Southeastern Greyhound Lines v. Woods, 298 Ky. 773, 184 S. W. 2d 93. There, a woman fell in alighting from a bus at a point on the highway where she had signaled it to stop. She stepped into a hole in the highway which caused her to fall, just as here Miss Smith stepped on slick snow and ice which caused her to fall. The Woods opinion is exhaustive and reviews many authorities, therefore we do not think it necessary to go into them here. It was there written that a carrier letting a passenger off the vehicle at her request and for her convenience at a place other than its station or platform, owes the passenger the duty merely not to hazard her safety by putting her off at a place which the carrier, through its employee, knew or ought to know is unsafe.

The whole street was covered with snow and ice and one place on it was just as safe as another for a passenger to step from a bus. Plaintiff chose to get off the bus at this intersection, which she knew was covered with snow and ice, rather than go to defendant's regular stop where it is required to furnish a reasonably safe place for passengers to alight. She cannot hold defendant liable for her fall caused by the snow and ice at the

intersection, as she knew as much about the condition of the street at that point when she stepped off the bus as did defendant's driver.

In cross-examining Miss Smith, defendant's counsel showed her a letter which she admitted writing to the company, and asked her if she did not say: "when getting off the bus I stepped with my right foot off the bus-step into a hole of ice which made me fall." She answered in the affirmative. Her counsel asked permission to read her entire letter to the jury, which the court properly refused. It is evident the purpose of the question was to contradict her statement that her fall was caused by the slick step of the bus.

The rule is that where part of a letter is admissible and other parts are not, the admissible part may be received in evidence and the inadmissible part excluded. 32 C. J. S., Evidence, sec. 704, p. 605; Parrish v. Karr, 255 Ky. 573, 74 S. W. 2d 937. One paragraph of this letter reads: "I am asking a settlement of ($1000) one thousand dollars which I believe is a small settlement." This paragraph was incompetent because it was an offer of a settlement and really would have been prejudicial to plaintiff, as it showed her willingness to settle a $15,-000 claim for $1000. Outside of this offer of settlement and the part which was read to plaintiff on her cross-examination, the balance of the letter was immaterial and innocuous, and plaintiff could not have been prejudiced by the court excluding same. What is here said does not offend sec. 604 of the Civil Code of Practice as that section refers to a writing which is competent evidence, while here Miss Smith's letter to the company was not competent in its entirety.

The judgment is affirmed.