ELAM v. WOOLERY et al.

Court of Appeals of Kentucky.
May 1, 1953.

Rehearing Denied June 19, 1953.

Paul H. Mansfield, B. J. Elam and Robert E. Rice, Lexington, for appellant.

Lasarre Bradley and Wm. E. Sloan, Lexington, for appellee.

COMBS, Justice.

The appellees, who are husband and wife and who were plaintiffs in the trial court, recovered judgment in the amount of $1,000 against the appellant, a building contractor, for breach of contract in the construction of a house. The plans and specifications which appellant agreed to follow in construction of the house called for an interior finish of lath and plaster. Instead of laths, the appellant used a substitute material known as "cellotex" which was not suitable for the purpose, with the result that soon after appellees moved into the house the plaster commenced to fall off the walls and ceilings.

The appellant assigns two grounds of error: (1) Failure of the court to direct a verdict in his favor, and (2) admission of incompetent testimony.

The first ground is based on the testimony of appellant and others that the appellee Clarence Woolery agreed to the use of the substitute material and paid the contract price with knowledge that such material had been used. The testimony created an issue of fact on this point and the question was submitted to the jury under proper instructions. The jury found for the appellees and we find no error in this respect.

Ground 2 presents a more difficult question. The appellant on cross-examination was asked, over the objection and exception of his counsel, the following question: "Q. Did you promise Mr. Woolery at one time that you would do something about fixing this plaster, put on new plaster?" and gave this answer: "A. Yes. I tried to agree with him about that and tried to make some settlement with him, but we couldn't get together."

It is insisted by appellant that the quoted testimony related to an offer of compromise and that he should not have been required to answer the question. The appellees contend the question was compe-tent and could have been answered "yes" or "no", and that the part of the answer which is incompetent is not responsive to the question. We agree the question was answered in greater detail than was necessary, and that appellant may not take advantage of the dictum which he chose to add to his answer. We will, therefore, consider the competency of the question as though it required only a "yes" or "no" answer.

It is a rule of universal application, so far as we are advised, that an offer of compromise is not admissible as evidence upon the trial of a case. The reason for the rule is that the law favors settlement of controversies out of court, and will not permit an offer of compromise to be used as a weapon against the party making the offer. Hurst v. Williams, 31 Ky. Law Rep. 658, 102 S.W. 1176; Ayer & Lord Tie Co. v. O. T. O'Bannon & Co., 164 Ky. 34, 174 S.W. 783; Powers' Administrator v. Wiley, 241 Ky. 645, 44 S.W.2d 591.

It is also a recognized rule of evidence that an admission against interest, not amounting to an offer of compromise, ordinarily is competent evidence. So the question here is whether the quoted testimony relates to an offer of compromise or is merely an admission against interest independent of an offer to compromise. We are unable to escape the conclusion the question necessarily called for an answer relating to an offer of compromise. If appellant had been asked whether he offered a certain sum of money in settlement of the controversy, we think it would be admitted the question would have been incompetent. The question was not asked in those words, but the effect was the same. The appellant was asked if he had offered to perform additional services for the appellees. As an inducement to a compromise there is no legal difference between the payment of money and the performance of services having a monetary value. It is true that counsel, in phrasing the question, did not use either the word "settlement" or "compromise," but those words in themselves have no significance other than to express a thought, and if other words are used to express the same meaning the effect is the

same and the result is the same. That is, the jury is informed that at the time the offer was made the party making the offer was willing to make certain concessions in order to settle the controversy. Nothing is more prejudicial to a litigant's case, and the courts have always been zealous in safeguarding the rule which prohibits the introduction of such testimony. The rule is a salutary one and should not be whittled away by qualifications or exceptions.

The judgment is reversed.