Clarence CHANEY, Infant under twenty-one years of age, by his mother & next friend, Didema Chaney, Appellant,

v.

Ireland SLONE, Infant under age of twenty-one years of age, by his father and next friend, Ralph Slone, Appellee.

Court of Appeals of Kentucky.

Jan. 27, 1961.

Rehearing Denied May 12, 1961.

V. R. Bentley, Pikeville, for appellant.

Baird & Hays, Kelsey Friend, Commonwealth Atty., Pikeville, for appellee.

PALMORE, Judge.

This is an automobile accident case in which the plaintiff, claiming damages for personal injuries, appeals from a judgment entered on a jury verdict for the defendants.

The accident occurred on a public highway near Feds Creek High School in Pike County on September 11, 1958. The appellant, Clarence Chaney, 19 years old, and the appellee, Ireland Slone, 16 years old, were friends and classmates at the school. Ireland had driven the 1955 model Chevrolet automobile of his father, the appellee Ralph Slone, to school that morning. At noon recess Ireland decided to take a ride in the car, and Clarence went with him. Some distance down the highway toward Pikeville as Ireland attempted to turn the car around in the road he lost control and struck a hillside to the left. The impact threw Clarence forward and his head struck the rear view mirror, resulting in a laceration and concussion of dubious severity and effect.

■ According to its caption and style, this lawsuit was brought against a single defendant, the infant Ireland Slone, represented by his father as next friend. There is, of course, no authority for such a procedure, since "the office of next friend * * * is confined to the bringing of an action in the name, and for the benefit, of the infant * * *." Zogg v. O'Bryan, 1951, 314 Ky. 821, 237 S.W.2d 511, 517. See CR 17.03. Even assuming a valid service of process on the infant, since there was no appointment of a guardian ad litem the proceedings against him were voidable. Harrod v. Harrod, 1915, 167 Ky. 308, 180 S.W. 797; Crume v. Sherman, 1919, 185 Ky. 376, 215 S.W. 196.

■ Though Ralph Slone was not named individually as a defendant, the complaint stated a cause of action against him under the family purpose doctrine, and he answered and defended on the merits, raising no question respecting the caption until the evidence of both parties was completed, at which time the point was made one of the grounds for a motion for peremptory. Under these circumstances we consider the defect as waived.

We come now to the heart of plaintiff's appeal.

The court instructed the jury to the effect, inter alia, that if the accident resulted from an unknown defect in the Slone vehicle, whereby the brake or wheel locked, and the collision was unavoidable, the law was for the defendants. Appellant objected to this instruction on the single ground that there had been "no affirmative plea of defective brakes or any unavoidable casualty." The case of Shaw v. Hollenbach, 1900, 55 S.W. 686, 21 Ky.Law Rep. 1561, is cited in support.

■ CR 8.03 provides that certain specified defenses "and any other matter constituting an *avoidance or affirmative defense*" shall be pleaded affirmatively. (Emphasis added.) "A defense proceeding by way of confession and avoidance—namely, an 'affirmative' defense—is in its very nature inconsistent with a denial of any material allegations of the complaint * * *."

Bulova v. E. L. Barnett, Inc., 1920, 111 Misc. 150, 181 N.Y.S. 247, 257. That an accident was unavoidable, either by reason of an unknown defect in the vehicle or because of some other circumstance beyond the operator's control, is entirely consistent with a denial of negligence. "Unavoidable accident need not be specially pleaded." 61 C.J.S. Motor Vehicles § 506, p. 184. Shaw v. Hollenbach, supra, is not applicable under the rules of procedure now in effect. Therefore, if negligence is denied the defendant may show that the accident was unavoidable, and in such cases the proper form of instruction, taken from Humphries v. Gray, 1947, 305 Ky. 206, 203 S.W.2d 8, is set forth in Stanley's Instructions, § 131.

Young Ireland Slone testified that he turned the automobile, at a speed that he had slackened to 35 m. p. h., off the pavement onto a gravel shoulder for the purpose of turning around, that the left front wheel grabbed, and the car "skidded across on the highway and I let off of my brake to straighten it up and by the time I hit my brake again I hit the hill." He admitted having driven the vehicle on three previous occasions, but the wheel had not grabbed before and he knew of no defects. He was able to drive it immediately from the scene of the accident, and there was no further evidence of any defect or damage except to the bumper and left front fender.

■ The "grabbing" of a wheel or brake when the driver of an automobile is in the act of attempting a sharp turn on a gravel surface at a speed of 35 m. p. h. does not, in our opinion, amount to sufficient evidence of a defect in the vehicle to authorize an instruction on the theory of unavoidable accident. Appellant's objection was pitched solely on the ground that the instruction was not supported by affirmative plea, which ground we have held to be untenable, and in his appeal he does not question the sufficiency of the evidence. However, we mention the point for the purpose of clarifying the following provision of CR 51:

"No party may assign as error the giving or the failure to give an instruction, unless he objects thereto before the court instructs the jury, stating specifically the matter to which he objects *and the grounds of his objections.*" (Emphasis added.)

■ The object of this requirement is to give the trial court an opportunity to avoid error. Unless the stated ground or grounds for the objection were valid it cannot be said that the court was given that opportunity. For this reason the error we observe on reviewing this record was not preserved and thus would not authorize a reversal.

The judgment is affirmed.