**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Georgia A. CARSON et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 28, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellant.

James F. Clay, James F. Clay, Jr., Danville, for appellees.

HILL, Judge.

This is an appeal from a judgment in a condemnation proceeding instituted pursuant to Section 242 of the Constitution of Kentucky and KRS 177.089 et seq., to acquire the necessary right-of-way for reconstruction and relocation of a portion of Kentucky Highway 78 between Stanford and Hustonville.

For reversal appellant contends (1) the verdict is erroneous because the "after" value fixed in the verdict is not within the limits fixed in the evidence, and (2) that incompetent evidence was admitted.

Appellant seeks to acquire 6.61 acres in fee, .24 of an acre for two permanent easements, and .08 of an acre for a temporary easement out of appellees' 270-acre farm located seven miles west of Stanford and three miles east of Hustonville. The taking

leaves 16 acres to the south of the new highway and 247 acres on the north side. The old road is located south of the 16-acre tract. No structural improvements are taken. Strenuous argument is made for appellees that valuable natural springs were either destroyed or rendered valueless. Three springs were cut off from the main farm by the new highway, one of which was covered by the construction. Appellees operate a dairy, and fresh spring water is of great value.

There are features of the new highway that are of great value to appellees, particularly the improvement in the approach from the new highway to the farm. The approach from the old road meandered uphill about 1200 feet, was 10 feet wide, and was an upgrade of 5 to 12 percent. The new highway has been elevated so that the approach is shorter and not so steep.

The county court commissioners allowed appellees $7,622. The circuit court jury verdict fixed the "before" value at $72,000 and the "after" value at $63,000, for a difference of $9,000. The evidence of all the witnesses on both sides fixed the lowest "after" value at $65,000 and the highest "after" value at $81,596. The same testimony fixed the highest "before" value at $93,450 and the lowest "before" value at $70,000. Obviously, the "after" value fixed by the jury is $2,000 less than the lowest "after" value appearing in the evidence.

 This case was tried after Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963). Under the authority of Sherrod and Pierson v. Commonwealth, Ky., 350 S.W.2d 487 (1961), we are reversing this case for a new trial. See also Commonwealth, Department of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249 (1964); Commonwealth, Department of Highways v. Wood, Ky., 380 S.W.2d 73 (1964); Commonwealth, Department of Highways v. Wynn, Ky., 396 S.W.2d 798 (1965); and Commonwealth v. Thompson, Ky., 398 S.W.2d 496 (1966).

The second error charged concerns the introduction of evidence of noise from the new highway. We have held such evidence to be competent. Commonwealth v. Elizabethtown Amusements Inc., Ky., 367 S.W.2d 449 (1963); and Commonwealth, Department of Highways v. Curtis, Ky., 385 S.W.2d 48 (1964). There is also complaint of evidence of negotiations between the parties with reference to an underpass desired by appellees, but which appellant refused to construct. It is elementary that such negotiations are not admissible. Harlan Fuel Co. v. Wiggington, 203 Ky. 546, 262 S.W. 957 (1924); Smith v. Blue Ribbon Lines, 312 Ky. 246, 227 S.W.2d 185 (1950); Whitney v. Penick, 281 Ky. 474, 136 S.W.2d 570 (1940); Elam v. Woolery, Ky., 258 S.W.2d 452 (1953); and the recent case of Commonwealth, Department of Highways v. Smith, Ky., 358 S.W.2d 487 (1962).

Wherefore the judgment is reversed with instruction to grant appellant a new trial.